FILED

2008 Nov-04  AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RUSSELL TRUSSER, GENEVA TRUSSER, TELLY TRUSSER; X, Y, Z, AND "1" through "64", individually and on behalf of themselves and others similarly situated,** )<br>)<br>)<br>)<br>) | |
| **Plaintiffs** ) | |
| ) | |
| **Vs.** ) | CIVIL ACTION<br>NO. |
| ) | |
| ) | **CLASS-** |
| ) | **ACTION** |

**JIMMY WOODWARD; ALBERT L. JORDAN; CURTIS W. GORDON, JR., "BUSTER" McCRELESS; CHARLIE HORTON; THE ALABAMA JEFFERSON COUNTY SHERIFF DEPARTMENT, STATE OF ALABAMA, "X" "Y" and "Z", being the officer, agents, servants, or entities responsible to or for named defendant or defendants who participated in the illegal computer searches, investigations, interrogations, threats assaults, intimidations and/or conspiracies during 1998 and/or 1999, of which certain of the named defendants and /or their agents were criminally found guilty and convicted of said felonies crimes on January 11, 2006, in this United States District Court, Southern District of Alabama, all of whose names, as yet unknown, will be added by amendment, when ascertained,**

　　　　**Defendants.**

# **COMPLAINT**

*Page 2*
*Complaint*

# JURISDICTION

1.      Jurisdiction is invoked under the following:

**42 USCA Sec 1973d; 42 USCA Sec 1973 (f) (g) (h) (c) (I) (I) (e);
42 USCA Sec 1973 (a) (a); 42 USCA Sec 1973 (c); 42 USCA Sec.
1973; USCA Const. Amend XV Sec. 1; 28 USCA Sec 1443;
42 USCA Sec 1983; 42 USCA sec 1981; 42 USCA Sec. 1971; 42
USCA Sec 1971 (g) (c) (a) (f); 18 USC Sec 2; 18 USC Sec 52, 1030
(a) (2); 18 USC Section 18 USC Sec 641; 18 USC Sec 1512; Code
of Ala., 1975 6-2-6; Code of Ala., 1975, 6-2-33; Code of Ala., 1975
6-5-370; Code of Ala., 1975, 13 A-10-2; Code of Ala., 1975, 13A-
10-1; Code of Ala., 1975, 13a-10-123; Code of Ala.; 1975, 13A-10-
124; Code of Ala., 1975, 13A-10-131; Code of Ala., 1975, 41-9-601;
Code of Ala.; 1975, 41-9-602.**

## NATURE OF THE ACTION

2.      This is an action for damages and other relief occasioned by the

criminal, outrageous,  discriminatory and other illegal acts of the

defendants.

## PARTIES

## PLAINTIFFS:

3.      The plaintiffs are all citizens of Alabama and the United States.

They are or were, in November of 1998, residence of the Bessemer

*Page 3*
*Complaint*

> Division of Jefferson County, Alabama, are predominantly, if not
> exclusively, black, and who voted, by absentee ballot, in the
> November general election of November 3, 1998.

3. (a).  Plaintiffs bring this action individually and on behalf of other
person similar situated. The class represented by plaintiff is, at the
outset, so seemingly numerous the naming of all its members is
impractical. There are common questions of law and fact,
Plaintiff's  claim are typical of those of the class; and plaintiffs will,
through their counsel, adequately represent the class, thereby making
appropriate monetary damages and other relief with respect to the
class as a whole.

3. (b). The class represented by the plaintiffs consists of all the black voters
who voted by absentee ballot in the Bessemer Division of Jefferson
County Alabama in the November 3, 1998 general election as well as
some voters in Bessemer who were investigated, had their records
searched and/or were interrogated because they voted against the
defendant Woodward, and voted for Democrat challenger, Mike
Hale.

*Page 4*
*Complaint*

## DEFENDANTS

4.      Defendants are Jimmy Woodward, Albert Jordan, "Buster"

McCreless, Charlie Horton, and the Jefferson County Alabama's

Sheriff's Department.

## ALLEGATION OF FACTS

5.      (1).    Plaintiffs allege that on or about November 3, 1998, and

November 4, 1998 and on other occasions near in time thereunto,

immediately subsequent to the Jefferson County, Alabama, General

Election, defendants, including but not limited to Jimmy Woodward,

the then-incumbent Sheriff of Jefferson County, Alabama; Albert

Jordan (an active Republican partisan, associate and ally of

Woodward), a licensed attorney; and Curtis W. Gordon ( an active

Republican partisan, special deputy and ally of Woodward) a licensed

attorney and other, received notice via election results that Woodward

had lost the November General Election for Sheriff to the Democrat

challenger, Mike Hale.

*Page 5*
*Complaint*

5.     (2).    The two political divisions of Jefferson County, Alabama, the

"Birmingham Division" and the "Bessemer Division" had posted

initial election returns indicating Democrat, Mike Hale, was the

winner of the Sheriff's race.

5.     (3).    Defendant Woodward, the Republican incumbent, had thus run

for re-election and, on November 3, and/or November 4, 1998,

preliminary results indicated Woodward had lost the election to

Democrat challenger, Mike Hale, by 37 votes out of some 226,000

votes cast.

5.     (4).    Beginning on November 3, 1998, and especially on November

4, 1998, Woodward, individually, and/or with his accomplices and

defendants, conceived the plot or plan to challenge the results said

election. Woodward and the named defendants including attorneys

Albert L. Jordan together with attorney and deputy, Curtis W. Gordon

thereupon set out to overturn and rebut the legal results of the

election.

5.     (5).    Defendants and others in their confidence, conspired, decided

and agreed that the voters in the Bessemer Division of Jefferson

*Page 6*
*Complaint*

County were largely Black and had, hence, voted historically and predominantly Democrat and had therefore, most certainly, voted for Democrat Challenger (and winner), Mike Hale.

5.    (6).    Whereupon, on or about aforesaid dates and at times appurtenant thereto, defendants decided, conspired and set about to obtain the list of "absentee voters" in the Bessemer Division of Jefferson County, Alabama.

5.    (7).    In consequence and in furtherance of this scheme, defendant and their cohorts deviously agreed that since a large portion of the Bessemer voters had voted Democrat, for Mike Hale, and because a large portion were Black, they decided that many of the Black voters might have criminal records and that, as well, many of the Black voters would have voted illegally (simply, because they "were black").

5.    (8).    In furtherance of this despicable, bigoted and racially prejudiced scheme, defendants agreed to, and in fact, did, conduct illegal and felonious computer searches of the plaintiffs' personal histories on computer program designed strictly for law

enforcement personnel in and about the conduct of official and public

business. Defendants knew their use of these computer programs was

illegal and improper and that no officials or individuals acting under

of color of office had the right to conduct the searches envisioned and

conducted by defendants. Defendants, including Jordan, individually

and as attorney for Woodward, had even enquired as to the

questionable legality of said search and was advised by a judge that

such a search was illegal.

5.  (9).   With full knowledge of the illegality of their acts, the due

consequences thereof, and with reckless, willful and wanton disregard

of the impact of these illegal and invasive acts on the lives of these

Black plaintiffs and other similarly situated, both within Alabama and

without, defendants concealed their illegal scheme with fraudulent

covers and information and proceeded.

5.  (10).  After gathering illegal and incomplete information derived from

the felonious computer search, defendants, by and through the illegal

and willful use of deputies and other public officers (including deputy

Sheriffs following defendants' orders) said defendants (usually in

pairs) entered the homes of the plaintiffs and others, similarly

situation and conducted illegal interrogations, investigations and

intimidations of said plaintiffs, pursuant to defendants' scheme.

5.     (11).   These invasions and intrusions into the homes of targeted

Blacks within the Bessemer Division of Jefferson County were

deviously and illegally cloaked with "the color of office" pretense of

"legal investigations", yet, all the while, the purpose of these vile

activities was to further the ends of the defendant Woodward, the

codefendants and others under his command.

5.     (12).   Defendant, Jefferson County Sheriff Department did aid and

abet the wrongful and criminal acts of Woodward, Jordan, Gordon

and the other defendants named and unnamed in that said County

and/or Department did cause and allow and participate in the

administration of the oath of office to Woodward both before his

 tortuous and criminal acts and after the commission of the tortuous

and criminal acts. These said defendants did continue, Woodward in

office, without reprimand or even intra department investigation, and

did continue him at a salary paid for at plaintiffs' and other

taxpayers' expense.

5.    (13).  As a direct and proximate consequence of the acts of the

defendants, plaintiffs and others similarly situated, suffered

immediate and permanent damages and injuries, including the

wrongful violation of their rights of suffrage under Federal and

Alabama law, their inalienable civil rights were violated, they were

forcefully threatened, they were wrongfully intimidated, they were

assaulted and threatened with loss of their freedom, they were

fraudulently threatened with jail and/or prosecution, they were

wrongfully interrogated by officers posing as acting under color of

law, their rights to be secure in their homes were violated and they

were mistreated and discriminated against because of their Race and

their choice of candidates.

5.    (14).  Statutes violated include:

**42 USCA Sec 1973d; 42 USCA Sec 1973 (f) (g) (h) (c) (I) (I) (e);**

**42 USCA Sec 1973 (a) (a); 42 USCA Sec 1973 (c); 42 USCA Sec.**

**1973; USCA Const. Amend XV Sec. 1; 28 USCA Sec 1443;**

**42 USCA Sec 1983; 42 USCA Sec 1981; 42 USCA  Sec. 1971; 42**

**USCA Sec 1971 (g) (c) (a) (f); 18 USC Sec 2; 18 USC  Sec 52, 1030 (a) (2); 18 USC Section 18 USC Sec 641; 18 USC Sec. 1512; Code of Ala. 1975, 6-2-6;**

**Code of Ala., 1975, 6-2-33; Code of Ala., 1975 6-5-370; Code of Ala., 1975, 13A-10-2; Code of Ala., 1975 13A-10-1; Code of Ala., 1975, 13A-10-123; Code of Ala.; 1975, 13A-10-124; Code of Ala., 1975, 13A-10-131; Code of Ala., 1975, 41-9-601; code of Ala.; 1975, 41-9-602.**

A.   This is an action for damages and other relief occasioned by the criminal, outrageous, discriminatory and other illegal acts of the defendants.

B.   The plaintiffs are all citizens of Alabama and the United States. They are or were, in November of 1998, residence of the Bessemer Division of Jefferson County, Alabama, are predominantly, if not exclusively, black, and who voted, by absentee ballot, in the November general election of November 3, 1998.

C.   Plaintiffs bring this action individually and on behalf of another person similar situations. The class represented by the plaintiff is, at

the out set, so seemingly numerous that naming of all its members is

impractical. There are common questions of law and fact, Plaintiffs'

claims are typical of those of the class; and the plaintiffs will, through

their counsel, adequately represent the class, there by making

appropriate monetary damages and other relief with respect to the

class as a whole.

D.   The class represented by the plaintiffs consists of all the black voters

who voted by absentee ballot in the Bessemer Division of Jefferson

County Alabama in the November 3, 1998, election.

## GOVERNMENT'S PRIOR FINDINGS AND JUDICATION

E.   (1).   The facts constituting the gravamen of this case as to its

criminal, legal, political and historical impact have been previously

adjudicated in the United States District Court where defendants

Woodward and Jordan were tried before a jury of other peers, where

they were found guilty of the commission of felonies and have been

sentenced there under. Those facts and matters as found by the United

States District Court are as stated: In November 1998, Jimmy

Woodward, defendant, was the incumbent Sheriff of Jefferson
County, Alabama. The two largest cities in Jefferson County are
Birmingham and Bessemer, Woodward, a Republican ran for re-
election on November 3, 1998, but apparently, lost by 37 votes out of
212,000 votes cast. Woodward's opponent Mike Hale, a Democrat
was certified the winner.

E.      (2).    Woodward undertook to challenge the results of the election
and on November 4, 1998, hired attorney and co-defendant Albert
Jordan. On November 3 and November 4, 1998 Woodward, Gordon,
(attorney and deputy sheriff) and Jordan met to discuss ways to
overturn the election results.

E.      (3).    They agreed (as stated hereinabove) that the voters in Bessemer
were largely black and had voted largely Democrat, meaning they
likely voted for Defendants decided to obtain the list of absentee
voters in Bessemer and have deputies go to their homes and challenge
or interrogate said voters about the legitimacy of their votes, the
legality of their ballots, the reason for voting absentee, the validity of
witnesses to voters signatures and other related methods of improper

*Page 13*
*Complaint*

tactics of challenge.

E.    (4).    As a prerequisite all this proposed and selfish illegality,

Defendants further agreed to conducts illegal computer checks of the

voters in Bessemer who voted by absentee ballot, to see if any were

convicted felons and not permitted to vote.

E.    (5).    Defendants illegally accessed the National Crime Information

Center through the Alabama Justice Information System.

E.    (6).    Defendants conspired to, and did, falsify and conceal their

illegal purposes in initializing the computer checks. The computer

checks are to be used only for legitimate law enforcement purposes.

E.    (7).    In it's prosecution and it's case, the United states government

believed that Woodward and Jordan, in pursuit of Woodward's

election contest, conspired illegally to use, and in fact illegally used,

JCSD employees and resources to conduct computer checks on the

ACJIS and NCIC to determine whether any of the Bessemer absentee

voters had felony convictions. The Government proved that

Woodward started the voter fraud investigation as a mean to conceal

his use of the ACJIS and NCIC for his private purpose. Accordingly,

on June 21, 2000, following a joint investigation by the Alabama

Attorney General and the U.S. Attorney for the Northern District of

Alabama, a Northern District Alabama Grand Jury, which had been

empanelled in September, 1999, returned a five-count indictment

against Woodward and Jordan.

E.     (8).   The defendants were arraigned on July 20, 2000, and entered

pleas of not guilty. The District Court scheduled their trial for

Tuesday, October 10, 2000.

E.     (9).   Checks were also ran on certain names on the Birmingham

absentee voter's list, but the Government believes that these checks

were done merely to cover-up Woodward checks of the names on the

Bessemer absentee voter's list.

E.     (10).  Earlier, an Alabama Grand Jury initially indicted Sheriff

Woodward for obtaining criminal history information under false

pretenses in violation of Alabama Code section 41-9-601.

E.     (11).  Woodward and Jordan were each charged in three counts of the

indictment. Count One alleged that both Woodward and Jordan

conspired with each other to knowingly convert to their own use

records and things of a value of the United Stated of a value of in

excess of $ 1,000.00; to convey without authority, records and things

of value of the United States, of a value in excess of $1,000.00; to

receive and retain, with the intent to convert to their own use, records

and things of value of the United States, of a value in excess of

$1,000.00, knowing them to be converted, to knowingly engage in

misleading conduct towards others with intent to influence the

testimony of persons in future official proceedings; and to defraud the

United States, that is, use deceit, craft, trickery, overreaching and

dishonest means to interfere with and impair lawful government

functions, that is, the government's control of the NCIC records and

information contained therein, all in violation of 18 U.S.C. Section

371.

E.      (12).  Count Two charged that Woodward knowingly and without

authority conveyed to Jordan a thing of value of the United States (the

NCIC records), knowing them to have been no authority to do so, in

violation of 18 U.S.C. Section 2 and 641.

E.      (13).  Count Three charged that Jordan knowing received and retained

*Page 16*
*Complaint*

a thing of value of the United States (the NCIC records), knowing

them to his own use, in violation  of 18 U.S.C. Section 2 and 641.

E.      (14).  Count Four charged that Jordan, through employees of the

County Sheriff's Office, intentionally accessed the NCIC computer

without authorization, and thereby obtained information from a

department and agency of the United States for the purpose of private

financial gain and in furtherance of criminal acts, in violation of 18

U.S.C. Section 2 1030 (a) (2), and 1030 (c) (2) (B) (i) & (ii).

E.      (15).  Finally, Count Five charged Woodward with willfully and

knowingly aiding and abetting the commission of the offense

described in Count Four, in violation of 18 U.S.C. Section 2.

E.      (16).  On January 11, 2006, defendants, Jordan and Woodward, were

charged with conspiracy to use the NCIC criminal database and with

the unauthorized access to the NCIC criminal database for their own

illegal or private purposes.

Wherefore, plaintiffs claim of defendants the sum of One Hundred

million dollars ($ 100,000,000.00) damages, exclusive of costs and interest.

*Page 17*
*Complaint*


s/Nathaniel Martin
Nathaniel Martin



Nathaniel Martin (MAR 093)
Attorney at Law
P.O. Box 1809
Jasper, Alabama 35502-1809


**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY IN THIS CASE**



s/Nathaniel Martin
Nathaniel Martin (MAR 093)
Attorney at Law
P.O. Box 1809
Jasper, Alabama 35502-1809
(205) 221-3736

*Page 18*
*Complaint*

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT:

Jimmy Woodward
232 Ardella Circle
Gardendale, Alabama 35071

Curtis W. Gordon, Jr.
2813 Country Wood Circle
Vestavia Hills, Alabama 35243

Albert L. Jordan
3757 Dunbarton Circle
Mountain Brook, Alabama 35223

Buster McCreless
% Jefferson County Sheriffs Department
2200 8th Ave North
Birmingham, Alabama 35203

Charlie Horton
% Jefferson County Sheriffs Department
2200 8th Ave North
Birmingham, Alabama 35203

Serve Jefferson County Sheriff Department
% Jefferson County Sheriffs Department
2200 8th Ave North
Birmingham, Alabama 35023

_____
Nathaniel Martin