UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUSSELL TRUSSER; GENEVA TRUSSER; TELLY TRUSSER, individually and on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JIMMY WOODWARD; ALBERT L. JORDAN; CURTIS W. GORDON, JR.; "BUSTER" McCRELESS; CHARLIE HORTON; ALABAMA JEFFERSON COUNTY SHERIFF DEPARTMENT; STATE OF ALABAMA,<br><br>Defendants. | Case Number 2:08-CV-2059-SLB |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendants' Motions to Dismiss. (Doc. 7, Defendant Jimmy Woodward's Motion to Dismiss; doc. 10, defendant Jefferson County Sheriff's Department's Motion to Dismiss; doc. 15, defendants Charlie Horton and James "Buster" McCreless's Motion to Dismiss; doc. 20 defendant Albert Jordan's Motion to Dismiss; doc. 22, defendant Curtis Gordon's Motion to Dismiss.) Plaintiffs, Russell Trusser, Geneva Trusser, and Telly Trusser, have sued defendants alleging a number of causes of actions arising from the 1998 Jefferson County Sheriff's election. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is

of the opinion that defendants' Motions to Dismiss, (docs. 7, 10, 15, 20, 22), are due to be granted and plaintiffs' claims are due to be dismissed.

## I. **MOTION TO DISMISS STANDARD**

When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citations omitted); *see also Rivell v. Private Healthcare Systems, Inc.*, 520 F.3d 1308, 1309 (11th 2008).

> [T]he complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, [545], 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, [550 U.S. at 556]). This rule does not "impose a probability requirement at the pleading stage." *Twombly*, [550 U.S. at 556]. Instead, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Id*. "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Watts*, 495 F.3d at 1296 (quoting *Twombly*, [550 U.S. at 556]).

*Rivell*, 520 F.3d at 1309-10.

"Dismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (quoting *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir.

2003)(quoting *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir.2003)))(internal quotations omitted).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

## II.  STATEMENT OF FACTS AS PLED IN COMPLAINT

Plaintiffs' Complaint contains the following factual allegations:

(1).    Plaintiffs allege that on or about November 3, 1998, and November 4, 1998 and on other occasions near in time . . ., immediately subsequent to the Jefferson County, Alabama, General Election, defendants, including but not limited to Jimmy Woodward, the then-incumbent Sheriff of Jefferson County, Alabama; Albert Jordan (an active Republican partisan, associate and ally of Woodward), a licensed attorney; and Curtis W. Gordon ( an active Republican partisan, special deputy and ally of Woodward) a licensed attorney and other, received notice via election results that Woodward had lost the November General Election for Sheriff to the Democrat challenger, Mike Hale.

(2).    The two political divisions of Jefferson County, Alabama, the "Birmingham Division" and the "Bessemer Division" had posted initial election returns indicating Democrat, Mike Hale, was the winner of the Sheriff's race.

(3).     Defendant Woodward, the Republican incumbent, had thus run for re-election and, on November 3, and/or November 4, 1998, preliminary results indicated Woodward had lost the election to Democrat challenger, Mike Hale, by 37 votes out of some 226,000 votes cast.

(4).     Beginning on November 3, 1998, and especially on November 4, 1998, Woodward, individually, and/or with his accomplices and defendants, conceived the plot or plan to challenge the results said election.  Woodward and the named defendants including attorneys Albert L. Jordan together with attorney and deputy, Curtis W. Gordon thereupon set out to overturn and rebut the legal results of the election.

(5).     Defendants and others in their confidence, conspired, decided and agreed that the voters in the Bessemer Division of Jefferson County were largely Black and had, hence, voted historically and predominantly Democrat and had therefore, most certainly, voted for Democrat Challenger (and winner), Mike Hale.

(6).     Whereupon, on or about aforesaid dates and at times appurtenant thereto, defendants decided, conspired and set about to obtain the list of "absentee voters" in the Bessemer Division of Jefferson County, Alabama.

(7).     In consequence and in furtherance of this scheme, defendant and their cohorts deviously agreed that since a large portion of the Bessemer voters had voted Democrat, for Mike Hale, and because a large portion were Black, they decided that many of the Black voters might have criminal records and that, as well, many of the Black voters would have voted illegally (simply, because they "were black").

(8).     In furtherance of this despicable, bigoted and racially prejudiced scheme, defendants agreed to, and in fact, did, conduct illegal and felonious computer searches of the plaintiffs' personal histories on computer program designed strictly for law enforcement personnel in and about the conduct of official and public business.  Defendants knew their use of these computer programs was illegal and improper and that no officials or individuals acting under of color of office had the right to conduct the searches envisioned and conducted by defendants.  Defendants, including Jordan, individually and as attorney for Woodward, had even enquired as to the questionable legality of said search and was advised by a judge that such a search was illegal.

4

(9).    With full knowledge of the illegality of their acts, the due consequences thereof, and with reckless, willful and wanton disregard of the impact of these illegal and invasive acts on the lives of these Black plaintiffs and other similarly situated, both within Alabama and without, defendants concealed their illegal scheme with fraudulent covers and information and proceeded.

(10).   After gathering illegal and incomplete information derived from the felonious computer search, defendants, by and through the illegal and willful use of deputies and other public officers (including deputy Sheriffs following defendants' orders) said defendants (usually in pairs) entered the homes of the plaintiffs and others, similarly situation and conducted illegal interrogations, investigations and intimidations of said plaintiffs, pursuant to defendants' scheme.

(11).   These invasions and intrusions into the homes of targeted Blacks within the Bessemer Division of Jefferson County were deviously and illegally cloaked with "the color of office" pretense of "legal investigations", yet, all the while, the purpose of these vile activities was to further the ends of the defendant Woodward, the codefendants and others under his command.

(12).   Defendant, Jefferson County Sheriff Department did aid and abet the wrongful and criminal acts of Woodward, Jordan, Gordon and the other defendants named and unnamed in that said County and/or Department did cause and allow and participate in the administration of the oath of office to Woodward both before his tortuous and criminal acts and after the commission of the tortuous and criminal acts.  These said defendants did continue, Woodward in office, without reprimand or even intra department investigation, and did continue him at a salary paid for at plaintiffs' and other taxpayers' expense.

(13).   As a direct and proximate consequence of the acts of the defendants, plaintiffs and others similarly situated, suffered immediate and permanent damages and injuries, including the wrongful violation of their rights of suffrage under Federal and Alabama law, their inalienable civil rights were violated, they were forcefully threatened, they were wrongfully intimidated, they were assaulted and threatened with loss of their freedom, they were fraudulently threatened with jail and/or prosecution, they were wrongfully interrogated by officers posing as acting under color of law, their rights to be secure in their homes were violated and they were mistreated and discriminated against because of their Race and their choice of candidates.

(Doc. 1 ¶ 5 (1)-(13).) Plaintiffs apparently allege[1] causes of action pursuant to 42 U.S.C. § 1983[2] based on violations of the Fifteenth Amendment to the United States Constitution, various provisions of the Voting Rights Act, 42 U.S.C. § 1971 and 42 U.S.C. § 1973, et seq.; 42 U.S.C. § 1981; and a number of criminal statutes.[3] Plaintiffs also allege state-law causes of action based on violation of Alabama criminal statutes.[4]

### III. DISCUSSION

**A. CRIMINAL STATUTES**

Plaintiffs cite a number of federal and state criminal statutes as support for their claims. However, the law is long and well established that a civil plaintiff cannot enforce a criminal statute. *See United States v. Claflin*, 97 U.S. 546, 547 (1878); *see also Thibeaux v. U.S. Atty. Gen.*, 275 Fed. Appx. 889, 893 (11th Cir. 2008)("[T]hese sections of Title 18

---

[1] Plaintiffs' Complaint contains no separate numbered paragraphs for their various causes of action in violation of Fed. R. Civ. P. 8. Rather, plaintiffs have simply listed a number of statutes without any specific facts or discussion. This failure to comply with Rule 8 would be grounds to dismiss plaintiffs' Complaint without prejudice and with leave to refile. However, the court finds that plaintiffs' claims are due to be dismissed on the merits; therefore, the court declines to allow plaintiffs to replead.

[2] Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by [the Constitution and federal laws] when the claim is pressed against a state actor." *Vason v. City of Montgomery*, 240 F.3d 905, 906 (11th Cir. 2001)(quoting *Jett v. Dallas Independent School District*, 491 U.S. 701, 735 (1989))(internal quotations omitted).

[3] 18 U.S.C. §§ 2, 52, 641, 1030, 1512.

[4] Ala. Code §§ 13A-10-1, 13A-10-2, 13A-10-123, 13A-10-124, 13A-10-131, 41-9-601, 41-9-602.

pertain to criminal law and do not provide a civil cause of action or any civil remedies. (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir.1960)("The sections of Title 18 may be disregarded in this suit.  They are criminal in nature and provide no civil remedies."));[5] *Bass Angler Sportsman Soc. v. U.S. Steel Corp.*, 324 F. Supp. 412, 415 (S.D. Ala. 1971)("First, criminal statutes cannot be enforced by civil actions.  Serious constitutional problems are encountered in any attempt to impose criminal sanctions by way of civil procedures." (citations omitted)); *Martinson v. Cagle*, 454 So. 2d 1383, 1385 (Ala. 1984)("The rule can be more properly stated as follows:  Even though an act may constitute a crime, if it also results in injury to the person or property of another, the act may still be the basis of a civil action for damages.  However, civil liability will ensue only if the acts complained of violate the legal rights of the plaintiff, constitute a breach of duty owed to the plaintiff, or constitute some cause of action for which relief may be granted.").

Plaintiffs have utterly failed to indicate the basis of their claims; they merely cite the court to a number of statutes they allege defendants violated.  (Doc. 1 § 5(14).)  A number of these statutes are criminal statutes that do not provide grounds for civil actions.

Therefore, to the extent plaintiffs have alleged civil causes of action based solely upon the violation of criminal statutes, such claims are due to be dismissed.

---

[5]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

**B. STATUTES OF LIMITATION**

Plaintiff's remaining § 1983 claims are time barred. The Supreme Court has held "that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Plaintiffs contend that their claims come under Ala. Code § 6-2-33(3), which provides a ten-year statute of limitations for "[m]otions and other actions brought by or on behalf of the State of Alabama, a county, a municipality, or another political subdivision of the state against sheriffs, coroners, constables and other public officers for nonfeasance, misfeasance, or malfeasance in office." Ala. Code § 6-2-33(3). Clearly, § 6-2-33(3) is not a general or residual statute of limitations for personal injury actions. In Alabama, the general or residual statute of limitations is Ala. Code § 6-2-38(*l*), which states, "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." *See Ex parte Davis* 9 So. 3d 480, 484 (Ala.,2008).

"Federal law determines the date on which the statute begins to run, and the statute of limitations for a § 1983 action begins to run from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with reasonably prudent regard for his rights.'" *Salas v. Pierce*, 297 Fed. Appx. 874, 877 (11th Cir. 2008)(quoting *Brown v. Georgia Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003)(quoting *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)))(unpublished). "It is well established

that a federal claim accrues when the prospective plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*. (quoting *McNair v. Allen*, 515 F.3d at 1174 (quoting *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir.1990))).

Nothing in plaintiffs' Complaint indicates that they did not know they had been injured or had no reason to know they had been injured prior to November 3, 2006, two years prior to the date they filed this action. Instead, plaintiffs argue that the Voting Rights Act does not have a statute of limitations. (Doc. 16 at 4.) The Voting Rights Act, however, is enforceable against state actors through Section 1983, *see Schwier v. Cox*, 340 F.3d 1284, 1297 (11th Cir. 2003), which, in Alabama, has a two year statute of limitations, *see Dooley v. AutoNation USA Corp.*, 218 F. Supp. 2d 1270, 1276-77 (N.D. Ala. 2002)("Both federal and Alabama state courts have imposed the two year limitations period on actions when the claims are based on either common law employment discrimination principles or statutes which are silent as to the applicable limitations period.")(citing *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir.1992); *Malone v. K-Mart Corp.*, 51 F. Supp. 2d 1287, 1304 (M.D. Ala. 1999); *Madison v. B.P. Oil*, 928 F. Supp. 1132, 1138 (S.D. Ala. 1996); *Mardis v. Robbins Tire & Rubber Co.*, 669 So. 2d 885, 888 (Ala. 1995)).

Plaintiffs also argue that section 6-2-6 extends the time for filing their claims. The court disagrees. Section 6-2-6 provides, "When an injury arises from the act or omission of a deputy or agent, the time for the limitation of an action by the principal against such deputy or agent does not commence to run until the liability of the principal for the act or omission

9

of such deputy or agent is ascertained by an action of the party aggrieved against the principal." Ala. Code § 6-2-6. This provision of Alabama law does not apply to plaintiffs' claims of personal injury. Nothing in the record indicates that the defendants were the agents of plaintiffs or that the plaintiffs have been found liable to some third party for the acts of the defendants.

The court finds that plaintiffs' § 1983 claims are time-barred. Therefore, defendants' Motions to Dismiss will be granted and these claims will be dismissed.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that plaintiffs's Complaint fails to state a claim upon which relief can be granted. An Order granting defendants' Motions to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 30th day of September, 2009.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE